

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APR 2 4 2002

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

ZEBEDIAH HOLLAND (#219424),

    Petitioner,

vs.

BRUCE CURTIS,

    Respondent.
_____/

Case No. 00-74794

HONORABLE AVERN COHN
HONORABLE STEVEN D. PEPE

REPORT AND RECOMMENDATION

Petitioner Zebediah Holland (Petitioner), through an attorney, filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 on October 30, 2000 (docket # 1). On May 9, 2001, Respondent filed a motion for summary judgment (docket # 9). Petitioner filed an answer to the motion for summary judgment on May 24, 2001, and a supplemental answer on January 4, 2002. On October 16, 2001, the case was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner did not file this petition within the period of limitations set forth in 28 U.S.C. § 2244, it should be dismissed.

I.    Background

After a jury trial in Detroit Recorder's Court, Petitioner, presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, was convicted of first degree

felony murder, Mich. Comp. Laws § 750.316, breaking and entering an occupied dwelling with intent to commit larceny, Mich. Comp. Laws § 750.110, and felony firearm, Mich. Comp. Laws § 750.227b. His habeas petition asserts claims that 1) he was denied a fair trial and due process of law when the trial court foreclosed the possibility of having testimony read to the jury during deliberations; 2) he was denied a fair trial when a prosecution witness mentioned that Petitioner was previously in jail; 3) he was denied due process and the right to counsel when the police conducted a suggestive photographic identification procedure; 4) he was denied a fair trial due to prosecutorial misconduct; 5) he received ineffective assistance of trial counsel; and 6) he established cause for and prejudice from any procedural default due to the performance of appellate counsel. In a motion to amend petition to add a claim, filed on January 2, 2001, Petitioner also seeks to assert an additional argument for his claim of ineffective assistance of trial counsel.

On direct appeal, the Michigan Court of Appeals affirmed, in part, Petitioner's convictions, along with those of his two co-defendants. *See People v. Holland*, No. 147394 (Mich. Ct. App. Aug. 9, 1994). The court vacated all three defendants' convictions and sentences for breaking and entering. On April 28, 1995, the Michigan Supreme Court denied his delayed application for leave to appeal, but permitted him to amend his delayed application for leave to appeal. *See People v. Holland*, No. 100725 (Mich. Apr. 28, 1995). On July 28, 1995, the Michigan Supreme Court denied Petitioner's motions (1) for an extension of time to move for reconsideration of the April 28 order, and (2) for clarification of the April 28 order. *See People v. Holland*, No.

2

100725 (Mich. Jul. 28, 1995).

On April 23, 1997, Petitioner filed a motion for relief from judgment, which was denied by Judge Gershwin Drain, of the Third Judicial Circuit Court, on June 17, 1998. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied the motion in an order issued on April 19, 1999, due to Petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508." *See People v. Holland*, No. 215294 (Mich. Ct. App. Apr. 19, 1999). On November 29, 1999, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. *See People v. Holland*, No. 114846 (Mich. Nov. 29, 1999).

II. <u>Analysis</u>

   A. <u>Statute of Limitations</u>

Respondent filed a motion for summary judgment, asserting that the habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all habeas petitions that are filed after April 24, 1996, the effective date of the act. Petitioner's application was filed on October 30, 2000, and therefore the AEDPA applies to his petition. Under 28 U.S.C. § 2244, to be timely, an application for a writ of habeas corpus must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). When, as here, the petitioner's conviction became final before the effective date of the AEDPA, he has one year from the effective date of the statute to file an application for habeas corpus relief in the federal court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 883 (E.D. Mich. 2001) (citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999)). If the petitioner does not comply with the one year statute of limitations, the court must dismiss the case. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (6th Cir. 1998).

Because Petitioner's conviction became final before the effective date of the AEDPA, he had one year from that date, or until April 24, 1997, to file his petition for habeas corpus relief. *See Neal*, 137 F. Supp. 2d at 883; *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). On April 23, 1997, after 364 days ran on the statute, Petitioner, through counsel, filed his motion for relief from judgment in state court. Pursuant to the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although the limitations period is tolled during the time when a properly filed application for post-conviction relief or collateral review is pending in the state courts, "the limitation period is not reset upon the conclusion of state collateral

review." *Neal*, 137 F. Supp. 2d at 884; *see also Holloway*, 166 F. Supp. 2d at 1188 (noting that "motion for relief from judgment did not cause the one year limitations period to begin to run anew after the post-conviction motion was denied").

Therefore, the statute of limitations on Petitioner's application was tolled during the entire pendency of the state court post-conviction proceedings and up to November 29, 1999, when the Michigan Supreme Court denied his delayed application for leave to appeal the denial of the motion for relief from judgment. Thus, at the very latest, Petitioner had until February 28, 2000 -- or ninety-one days later -- to file his federal habeas petition.[1] This time computation comprises the one day that Petitioner had remaining on the AEDPA's period of limitations (which ran from April 24, 1996 to April 23, 1997) plus ninety days, which is the amount of time during which he could have sought certiorari with the United States Supreme Court after the Michigan Supreme Court denied his delayed application for leave to appeal on November 29, 1999.[2] *See* 28 U.S.C. § 2244(d)(1)(A);

---

[1] For purposes of this Report and Recommendation, it is assumed without deciding that Petitioner had ninety-one days to file his application for habeas relief. If the shorter amount of time, which is one day, is used to determine the time remaining on the statute, the result is the same: the application is still untimely. For additional explanation *see* note 2.

[2] Petitioner did not petition the United States Supreme Court for a writ of certiorari. Ninety-one days is the greatest amount of time that he would have had and hence it is used to show that even under facts construed most favorably to Petitioner, his petition was not timely filed. In *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001), Judge Tarnow used this method in determining the latest date to which the statute of limitations could extend; he added ninety days -- the amount of time during which a petitioner may seek certiorari in the United States Supreme Court -- to the amount of time that the petitioner had remaining under the one year limitations period after subtracting the amount of time for tolling during the pendency of state post-conviction review. This method seems

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)). Petitioner did not file his application for habeas relief until October 30, 2000, and his petition is therefore barred by the statute of limitations.

B.  Equitable Tolling

Petitioner seeks to avoid the timeliness problem, asserting that equitable tolling should be applied. The Sixth Circuit has adopted five factors for courts to consider in determining whether equitable tolling is appropriate in a habeas case. The five factors include: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6 Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)).

---

permissible under 28 U.S.C. § 2244(d)(1)(A), which allows for the statute to begin running either on "the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review." (emphasis added). The Sixth Circuit appeared to follow this method in *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), which cited *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), in support. In *Isham*, the court noted that "[o]ther Courts have generally concluded that for the purposes of [§ 2244(d)(1)(A)], the one year limitations period does not begin to run until after the time for filing a petition for a writ of certiorari . . . has passed." *Isham*, 226 F.3d at 695. Recognizing the distinction between § 2244(d)(1)(A), which is quoted above, and § 2244(d)(2), which provides for tolling of the statute while a properly filed application for state post-conviction relief is pending, *Isham* concluded that "it is unlikely that Congress intended to nevertheless toll § 2244(d)'s limitations period when no petition for a writ of certiorari is even filed with the Supreme Court." *Id*. In *Neal*, Judge Lawson, citing both *Isham* and *Bronaugh*, did not allot the ninety day period for seeking certiorari when he calculated the amount of time remaining on the one year limitations period. *See Neal*, 137 F. Supp. 2d at 885.

6

The doctrine of equitable tolling is to be applied sparingly. *See Holloway*, 166 F. Supp. 2d at 1189 (citing *Dunlap*, 250 F.3d at 1008-1009). Absent some satisfactory explanation for the failure to timely file the application for habeas relief, a petitioner has not exercised due diligence in pursuing his claim and is not entitled to equitable tolling of the statute of limitations. *See id.* (citing *Dunlap*, 250 F.3d at 1010).

Petitioner asserts that any delay in the filing of his application for habeas relief is due to his indigency and a substitution of counsel between his appeal of right and the filing of the state post-conviction proceedings. He also asserts that any delay was not extended and that Respondent has not been prejudiced by any delay.

Construing the facts most favorably to Petitioner, and counting from the latest possible statutory period which would have ended on February 28, 2000, he did not file this application until more than eight months after the statute of limitations ran. Nearly the entire limitations period (364 days) passed before counsel filed Petitioner's post-conviction proceedings in state court. Once the Michigan Supreme Court denied his delayed application for leave to appeal, another eight months passed beyond the ninety days during which Petitioner could have petitioned the United States Supreme Court for a writ of certiorari. Under these circumstances, it cannot be concluded that Petitioner diligently pursued his rights. Nor would any difficulties that he might have had in retaining an attorney or due to lack of professional legal assistance constitute circumstances that would justify tolling the limitations period. *See Holloway*, 166 F. Supp. 2d at 1189. Petitioner offers no other argument that would support the conclusion that equitable tolling should be

7

applied in this case.

III. Recommendation

Accordingly, for the reasons stated herein, IT IS RECOMMENDED that Respondent's motion to dismiss (docket # 9) be GRANTED and that Petitioner's habeas petition be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2002
Ann Arbor, Michigan